NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS MARTIN ARELLANO, *Appellant.*

No. 1 CA-CR 18-0848
FILED 2-6-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-101643-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Brown & Little PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Jesus Arellano was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Arellano, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 Late one evening, two individuals were in their car starting to back out of a parking space when a truck sped by, nearly hitting the car. The individuals followed the truck through the parking lot, honked, and told the driver—who was later identified as Arellano—something to the effect of "slow down." As soon as the individuals pulled away from the truck, they heard several gunshots and quickly left the complex.

¶3 According to Arellano, he was driving his truck through the parking lot at his apartment complex looking for a parking spot when he became involved in a confrontation. As a car pulled up next to Arellano's truck, the two individuals in the car yelled at Arellano, and Arellano thought he saw a gun in the car. Arellano also believed he heard a gunshot. In response, he fired several shots from his own gun out his truck's window, and the car drove away.

¶4 Both Arellano and the occupants of the car called the police. Upon arriving at the scene, police found no evidence of a gun in the car, but they did find two bullet holes in the back of the car matching the gun Arellano used. The State then indicted Arellano on two counts of aggravated assault and alleged both counts were dangerous offenses based on Arellano's use of a weapon.

¶5  The jury found Arellano guilty of two counts of the lesser-included offense of disorderly conduct. The jury also found aggravating circumstances existed as to each count. The superior court then sentenced Arellano to 3 years on one count and 2.5 years on the other. Arellano was given 136 days of presentence incarceration credit. Arellano timely appealed.

¶6  After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Arellano was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Arellano's constitutional and statutory rights. Therefore, we affirm Arellano's convictions and sentences.

¶7  Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Arellano of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Arellano has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.

